DAVID T. BONZEY *versus* GILMAN B. HODGKINS *& als.*

The mere fact that a vessel is taken on shares does not discharge the owners from liability for the loss of freight.

But where she is sailed on shares, and the master has control of her, he is *pro hac vice*, owner, and is alone responsible for loss of freight.

ON FACTS AGREED.

ASSUMPSIT against the owners of the schooner "Barnard" for the value of certain merchandize, alleged to have been shipped on board the "Barnard" and lost on a voyage from Boston to Ellsworth.

The question was whether the owners or master were liable.

*G. S. Peters,* for the plaintiff.

*E. & F. Hale,* for the defendants.

APPLETON, C. J.—It is admitted that the vessel was sailed by John Linscott on shares; that he victualled and manned her; having control of her; taking such freight as he chose; paying to the owners one-half of the gross earnings for the use of her as is customary in this State.

The mere fact that the vessel was taken on shares does not discharge the owners. Their control must cease. It does, when it is transferred to the master. From the agreed statement of facts, it must be understood that the

---

* See statue 1868, chapter 219.

master had the control of the vessel; that it was his for the time being, and when the goods in question were shipped. In such case the master is liable, and the owners are not. *Sproat* v. *Donnell*, 26 Maine, 185; *Cutler* v. *Winsor*, 6 Pick., 335. The master in such case is to be deemed the owner *pro hac vice*. *Winsor* v. *Cutts*, 7 Greenl., 261.

In the case of *Emery* v. *Hooper*, 4 Greenl., 407, and in *Sims* v. *Howard*, 40 Maine, 276, it did not appear that the master had the control of the vessel. In the present case, it is admitted that he had. *Plaintiff nonsuit.*

CUTTING, KENT, DICKERSON, BARROWS and DANFORTH, JJ., concurred.